IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **RAFAEL G. HANKISHIYEV**, <br><br> Plaintiff, <br><br> v. <br><br> **ARUP LABORATORIES,** <br><br> Defendant. | **MEMORANDUM DECISION & ORDER** <br><br> Case No. 2:15-cv-00651 <br><br> United States District Court Judge Jill N. Parrish <br><br> **Magistrate Judge Dustin Pead** |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Jill Parrish pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 2).

On September 10, 2015, Plaintiff Rafael G. Hankishiyev ("Plaintiff") filed his *pro se* Complaint against Defendant ARUP Laboratories ("Defendant") claiming he was improperly terminated "in retaliation to [sic] my protected conduct" pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination (doc. 1, p.4). Currently pending is Plaintiff's Motion For Appointment of Counsel (doc. 17).

A plaintiff in an employment discrimination case has no statutory or constitutional right to the appointment of counsel. *See Castner v. Colorado Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992). Title VII, however, provides the court with "discretionary statutory authority to appoint an attorney for a Title VII complainant upon request 'in such circumstances as the court may deem just.'" *Vera v. Utah Dep't. of Human Servs.,* 2000 U.S. App. LEXIS 1521 (*citing* 42 U.S.C. § 2000e-5(f)(1)). Under Title VII, a litigant need not be indigent to qualify for

appointed counsel.  *Id. Compare.* 28 U.S.C. § 1915(e).[1]  In making a decision whether to appoint counsel, there are four factors the court should consider:  "(1) the plaintiff's financial inability to afford counsel; (2) his diligence in attempting to secure counsel; (3) the merits of his case; and (4) in close cases, the plaintiff's capacity to prepare and present the case without the aid of counsel."  *Vera* at *6 at 1421.  The obligation is on Plaintiff to make an affirmative showing of the relevant factors.  *Id.* (*citing Darden v .Illinois Bell Tel. Co.,* 797 F.2d 497, 501 (7th Cir. 1986).

Here, Plaintiff provides no evidence in support of his request.  Rather, Plaintiff's "motion" consists of a singular sentence in which Plaintiff "moves the court for an order appointing legal counsel to act on his behalf" (doc. 17).  Absent additional information the court is not equipped to make a proper determination on appointment and accordingly Plaintiff's motion is hereby denied without prejudice.

**IT IS SO ORDERED**.

DATED this 10th day of November, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge

---

[1] Appointment of counsel for indigent plaintiffs is contemplated under 28 U.S.C. § 1915(e).  Here, Plaintiff does not proceed *in forma pauperis* and has paid the requisite filing fees (doc. 1).