# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **RAFAEL G. HANKISHIYEV,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ARUP LABORATORIES, TOM TOPIK, DAVID ROGERS, and BEA LAYTON,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:15-cv-00651-JNP-DBP**<br><br>**Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This case is currently before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Jill Parrish. (ECF No. 2.) On September 10, 2015, Plaintiff Rafael G. Hankishiyev (Plaintiff or Mr. Hankishiyev) brought this action against Defendants ARUP Laboratories, Tom Topik, David Rogers and Bea Layton (collectively, Defendants) asserting claims for age discrimination and retaliation. (ECF No. 1.) On June 19, 2017, the parties engaged in a settlement conference before Magistrate Judge Brooke Wells but were unable to reach a resolution. (ECF No. 109.)

Defendants seek summary judgment arguing Mr. Hankishiyev failed to comply with court orders and that his claims fail as a matter of law. (ECF No. 89.) In response, Plaintiff filed an

opposition to Defendants' motion for summary judgment (ECF No. 91),[1] a motion for judgment

on the pleadings (ECF No. 90) and a motion to compel the Defendants to deposit his money.

(ECF No. 92.) Although Mr. Hankishiyev titles his filing as a motion for judgment on the

pleadings, review of the document along with the attached exhibits reveals that Plaintiff seeks a

ruling on the evidence, as opposed to a judgment based upon the legal sufficiency of Plaintiff's

claims.[2] Accordingly, the court concludes that Plaintiff's filing is more properly considered as a

cross motion for summary judgment, and the court shall examine it as such. *See* Fed. R. Civ. P.

12(d) ("If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule

56.").

## FACTS

Defendants' memorandum sets forth fifty-eight (58) "Undisputed Material Facts." (ECF

No. 89, p. x-xxiv.) In his opposition, Plaintiff fails to provide citation to any admissible evidence

that would establish a disputed issue of material fact. (ECF No. 01.)

A party asserting that a fact . . . is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including
depositions, documents, electronically stored information, affidavits
or declarations, stipulations (including those made for purposes of the
motion only), admissions, interrogatory answers, or other materials; or

---

[1] Plaintiff has also filed a surreply (ECF No. 108) and a reply to Defendant's surreply (ECF No. 114).

[2] Plaintiff admits that he does not understand the difference between a motion for judgment on the pleadings and a motion for summary judgment and recognizes his "inability to choose the right Motion." (ECF No. 90, pg. 1.)

> (B) showing that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce
> admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1); *see also* DUCivR 56-1(c) (setting forth the requirements for an

opposition to a motion for summary judgment). On a motion for summary judgment, "[t]he non-

moving party having the burden of proof at trial must come forward with evidence to show a

material issue of disputed fact between the parties." *Barney v. Gillespie*, 913 F. Supp. 1537, 1540

(D. Utah 1993). Further, "[i]n order for the non-moving party to show a disputed issue of fact [,]

more than a mere scintilla of evidence must be presented. *Id.* Thus, "[w]hen opposing a motion

for summary judgment, the non-moving party may not rely on mere allegations, or denials,

contained in its pleadings or briefs, but instead must set forth specific facts showing the presence

of a genuine issue of material fact for trial and significant probative evidence supporting the

allegations." *Lewis v. Progressive Pipeline Constr., LLC,* 660 F. App'x. 631, 633 (10th Cir. 2010)

(internal quotation marks omitted).

      Mr. Hankishiyev has not met his burden of setting forth evidence to show the presence of

any genuine disputed issue. *See* Fed. R. Civ. P. 56. Although Plaintiff claims that Defendants'

statement of material facts "is full of indisputable lies" he fails to provide a concise response to

each of the legal elements or cite to materials in the record that dispute the material facts as

stated by the moving party. *See* DUCivR 56-1(c).  Mr. Hankishiyev defends his failure to meet

his burden by relying on his status as a pro se litigant and concomitant unfamiliarity with legal

procedures. Plaintiff is not, however, absolved from any legal requirements. (ECF No. 91).[3]

Rather, "a pro se plaintiff must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment." *Franke v. ARUP Labs., Inc.,* 390 F. App'x 822, 826 (10th Cir. 2010); *see also Lammle v. Ball Aerospace & Techs. Corp.,* 589 F. App'x 846, 848 (10th Cir. 2014) ("Pro se litigants are not excused from following the strict requirements of Rule 56 in order to properly contest a summary judgment motion."). While courts may "afford a pro se litigant's filing some leniency, they have no obligation to advise such a litigant of [procedural or evidentiary] requirement[s], for even pro se litigants are expected to 'follow the same rules of procedure that govern other litigants.'" *Keeler v. Aramark,* 418 F. App'x 787, 791 (10th Cir. 2011) (*quoting Kay v. Bemis,* 500 F.3d 1213, 1218) (10th Cir. 2007).

Plaintiff has not met his burden of setting forth evidence to dispute Defendants' statement of material facts. As a result, the court adopts and incorporates, by reference, the statement of material facts as set forth in Defendants' motion for summary judgment. *See* (ECF No. 89, pgs. iii-xxiv. No. 1-58.)

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[3] *See* ECF No. 89, at 7 ("It is obvious that Plaintiff cannot compete with experienced Attorney in presenting the references to Laws."); *Id.* at 8 ("Plaintiff, as honest and unfamiliar with legal rules person, has been presenting facts and evidences, after that tried, as much as he could, to support them with Law references."); *Id.* at 12 ("Plaintiff is afraid to make references to Rule 56 of FRCP or Rule 56 of URCP because they contain many juridical words and definitions about which Plaintiff does not know correct meaning.").

Civ. P. 56(a). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Schneider v. City of Grand Junction Police Dep't.,* 717 F.3d 760, 767 (10th Cir. 2013) (*quoting Tabor v. Hilti, Inc.,* 703 F.3d 1206, 1215) (10th Cir. 2013). On a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the non-moving party." *Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013) (*quoting EEOC v. C.R. England, Inc.,* 644 F.3d 1028, 1037) (10th Cir. 2011). Once a moving party has "carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris,* 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (alterations in the original) (citation and quotations omitted).

## ANALYSIS

### I.     Defendants' Motion For Summary Judgment

Defendants move for dismissal of Plaintiff's age discrimination and retaliation claims on two main grounds. First, Defendants argue dismissal is appropriate due to Mr. Hankishiyev's failure to cooperate in discovery and abide by the court's previous orders. Second, Defendants assert Plaintiff's claims fail as a matter of law. Each basis for dismissal is discussed herein.

### A.     Plaintiff's Repeated Violations Of This Court's Orders Warrants Dismissal Of His Claims.

Federal Rule of Civil Procedure 37 provides that a court may dismiss an action if a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court may . . . dismiss [ ] the action or proceeding in whole or in part."); *see also Valdez v. Salt Lake City Police Dep't.,* 2015 U.S. Dist. LEXIS 49092 *2 (dismissing pro se plaintiff's claims for failure to respond to discovery request or appear in court). Recognizing dismissal as an "extreme sanction" the Tenth Circuit identifies five factors for courts to consider. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). These factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 920. While a district court "should ordinarily consider and address all of the above factors before imposing dismissal . . . ." the factors "do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921.

**Prejudice**

Defendants attempted to depose Mr. Hankishiyev on three separate occasions. At the first scheduled deposition Mr. Hankishiyev refused to answer basic questions, provide information about his name, age, home address, or to identify any exhibits, including his own complaint. (ECF No. 89, SOF ¶33; ECF No. 89-16; ECF No. 48.) As a result of Plaintiff's failure to

meaningfully participate in his deposition, the Court ordered him to appear at a second deposition and required that he: (1) "directly and succinctly answer all questions posed to him in a non-argumentative fashion," (2) "review and identify all exhibits presented to him and directly and succinctly answer questions regarding such exhibits in a non-argumentative fashion" and (3) "otherwise comply with the Federal Rules of Civil Procedure." (*Id.*, SOF ¶35; ECF No. 59.) Further, the court specifically advised Mr. Hankishiyev that the "violation of any terms of this Order, may result in a recommendation of dismissal of [Plaintiff's] claims, in their entirety, to the District Court." (*Id.*, SOF ¶36; ECF No. 59.)

Despite the court's order, at his second deposition Mr. Hankishiyev refused to "directly and succinctly" answer questions in a "non-argumentative fashion". (*Id.*, SOF ¶ 37; ECF No. 89-1.) Instead, Mr. Hakishiyev mounted numerous lengthy and irrelevant objections in response to nearly every question posed. (*Id.*, SOF ¶¶37-40.)[4] As a result, Defendants moved to dismiss Plaintiff's claims. (*Id.*, SOF ¶ 41, ECF No. 63.) The Court, however, declined to dismiss Mr. Hankishiyev's claims and ordered that he participate in yet a third deposition, warning that failure to comply with the court's order would result in a recommendation of dismissal to the District Court. (*Id.,* SOF ¶¶42-44; ECF No. 72, at 9-10.). At the third deposition, Plaintiff again failed to "directly and succinctly answer all questions posed to him in a non-argumentative fashion" and refused to "review and identify all exhibits presented." (*Id.*, SOF ¶¶ 48-58; ECF No. 89-8.)

Upon review, the court finds that Mr. Hankishiyev's refusal, on three separate occasions, to answer questions and meaningfully participate in the discovery process has prejudiced the Defendants. *See generally, Louisiana Pac. Corp. v. Money Mkt. 1,* 285 F.R.D. 481, 486 (N. D. Cal. 2012) (the "deposition process provides a means to obtain more complete information and is, therefore, favored."). At each deposition Mr. Hankishiyev refused to provide any substantive information about his case thereby prejudicing Defendants' efforts to determine Plaintiff's position or discover facts relevant to their own defense.

### Interference With The Judicial Process

As to the second factor, Mr. Hankishiyev's failure to meaningfully participate in his depositions has interfered such that "the judicial process [has] essentially ground to a halt." *See Taylor v. Dist. of Colorado Safeway, Inc.,* 116 F. App'x 976, 978 (10th Cir. 2004). In addition, Plaintiff's refusal to comply with the court's clear and direct orders interferes with the judicial process by undermining the court's authority and overall effectiveness.

### Culpability

Plaintiff's culpability is demonstrated by his continued and willful refusal to comply with the court's express orders requiring him to "directly and succinctly" answer deposition questions. (ECF No. 59, ECF No. 72.)

---

[4] "Excluding breaks, Defendants deposed Plaintiff for approximately four hours and twenty-nine minutes—a total of 249 minutes . . . . . During that time, Plaintiff made over 280 objections—

**Advance Warning**

This court's orders, issued on July 5, 2016 and November 3, 2016, incontrovertibly warned Mr. Hankishiyev that a violation of any terms would result in a recommendation to the District Court that Plaintiff's claims be dismissed in their entirety. (ECF No, 59; ECF No. 72, ECF No. 89, SOF ¶36, ¶44.)

**Efficacy of Lesser Sanctions**

As to the fifth factor, the court finds that no lesser efficacious sanction is available or appropriate in this case. As the party alleging discrimination, Mr. Hankishiyev's testimony is critical to Defendants' defense of this action. Defendants have diligently attempted, on three separate occasions, to elicit facts and information from Plaintiff. As discussed, Mr. Hankishiyev refused to answer even the most basic of questions and has frustrated Defendants' efforts to conduct discovery regarding Mr. Hankishiyev's own view of his claims and the case itself.

Discovery is now closed, and Plaintiff was afforded three separate opportunities to participate in the discovery process and mitigate any harm caused by his failure to answer deposition questions. However, in direct contravention of the court's orders, Mr. Hankishiyev failed to do so. As a result, pursuant to federal rule of civil procedure 37, the court hereby recommends dismissal of Plaintiff's claims in their entirety. *See* Fed. R. Civ. P. 37 (b)(2)(A)(v); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

---

about one objection per minute." (ECF No. 89, SOF ¶40.)

**B.**     **Plaintiff's Age Discrimination And Retaliation Claims Also Fail For Lack Of Jurisdiction And As A Matter Of Law.**

While the court recommends dismissal based on Mr. Hankishiyev's failure to comply with court orders, in the alternative, the court also recommends dismissal of Plaintiff's claims for failure to exhaust administrative remedies, establish pretext and to state a prima facie claim.

**Age Discrimination Claim**

**1. Failure To Exhaust Administrative Remedies**

Mr. Hankishiyev failed to exhaust his administrative remedies and consequently the court does not have subject matter jurisdiction over his age discrimination claim.

The purpose of the exhaustion of administrative remedies requirement is two-fold: "(1) to give notice of the alleged violation to the charged party; and (2) to give the EEOC an opportunity to conciliate the claim." *Smith v. Johnson Cnty. Bd. of Cnty. Com'rs.,* 56 Fed. Appx. 879, 882 (10th Cir. 2003.) Federal courts "do not have subject-matter jurisdiction to review . . . [age discrimination] claims [that are] not exhausted administratively." *Smith v. Potter,* 252 F. App'x 224, 227 (10th Cir. 2007). Further, "[e]ach discrete retaliatory or discriminatory action constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Id.* (alterations omitted) (*quoting Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). Because a party must first exhaust administrative remedies, "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC [Equal Employment Opportunity Commission]." *MacKenzie v. City & County of Denver,* 414 F.3d

1266, 1274 (10th Cir. 2005); *see also Jones v. Sumser Ret. Vill.,* 209 F.3d 851, 853 (6th Cir. 2000) ("[T]he facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt any investigation of the claim.").

In this case, Mr. Hankishiyev's "Notice Of Charge Of Discrimination" (Charge), as provided to Defendant ARUP Laboratories on March 1, 2013, notices his claim for retaliation but does not notice a claim for age discrimination. (ECF No. 89-14.) Likewise, in that portion of the Charge document seeking particulars of his claim, Plaintiff does not provide any "particulars" that could be interpreted as giving notice of a claim for age discrimination. (*Id.*, SOF ¶29.) Mr. Hankishiyev asserts[5] that he "activate[d] the EEOC administrative process" when he raised his age discrimination claim on "the first page of [the] EEOC intake questionnaire, [sic]" attached as

---

[5] Mr. Hankishiyev presents arguments regarding his failure to exhaust administrative remedies in a surreply filed on June 21, 2017. (ECF No. 108.) In the District of Utah, "[a] court may permit the filing of a surreply at its discretion." *Tucker v. United States,* 2013 U.S. Dist. LEXIS 100639 *4 (D. Utah July 17, 2013) (citation omitted.) "In general, a court will grant the nonmoving party an opportunity to file a surreply brief if it has not had the opportunity to respond to new evidence or new legal arguments presented by the moving party in a reply memorandum." *Id.*; *see also* DUCivR 7-1(b)(1)(B) (stating that a surreply may be filed "[i]f new evidence is proffered in support of a reply.").

Defendants argue that Mr. Hankishiyev's "Reply In Support Of Objections To Defendants' 'Exhaustion Administrative Remedies' Allegations" (ECF No. 108) is procedurally improper because Plaintiff did not seek permission from the court prior to filing, and because the brief does not address new evidence or legal arguments raised in Defendants' Reply brief. (ECF No. 112.) The court agrees that Mr. Hankishiyev did not seek permission of the court to file his surreply. That said, the court has allowed Defendants an opportunity to respond to Plaintiff's surreply, and will therefore consider Mr. Hankishiyev's arguments as well as Defendants' response thereto. (ECF No. 110, ECF No. 111, ECF No. 112.)

Exhibit P/S-1 to 'Plaintiff's Statement About Settlement Conference.'" (ECF No. 97.) [6] Exhibit P/S-1 appears to be a typed statement created by Plaintiff and directed to the EEOC Phoenix District Office. (ECF No. 97, at 6.) Upon review, the court is uncertain if Exhibit P/S-1 was provided to the EEOC, and if it is, in fact, the first page of Plaintiff's intake questionnaire or part of another document. Even assuming, however, that Exhibit P/S-1 is the first page of the questionnaire, any statements made therein do not cure omissions on Plaintiff's Charge since the "general rule" requires the court to "look to the [C]harge form if one exists" in order to determine whether administrative remedies have been exhausted. *Jones v. Needham*, 856 F.3d 1284, 1290 (10th Cir. 2017); *see also Green v. JP Morgan Chase Bank Nat. Ass'n.,* 501 F. App'x. 727, 731 (10th Cir. 2012) (*quoting Barzanty v. Verizon Pa., Inc.,* 361 F. App'x.411, 415 (3d Cir. 2010) ("[a] plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the [C]harge itself. Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.").

    In *Ellington v. Murray Energy Corp.*, the court concluded that "certain limited situations" exist in which a court could treat an intake questionnaire as a Charge document. The court

---

[6] In addition, Mr. Hankishiyev references Exhibit F-2, as attached to his "Reply In Support Of Objections To Defendants' Exhaustion Administrative Remedies' Allegations" (ECF No. 108), as further evidence that the "EEOC admitted Plaintiff's application as discrimination charge ('Your charge of discrimination is here. . .'), activated the EEOC administrative process, notified and worked with ARUP ('We will then assign the investigation of your charge. . .') (ECF No. 114.) Plaintiff's Exhibit F-2 appears to be an email from Dana M. Engelhard, an Enforcement Manager at the EEOC St. Louis District Office, to Mr. Hankishiyev. The email does not establish that the EEOC admitted Plaintiff's application as his Charge and the court remains

specifically identified those situations as: "(1) when the intake questionnaire meets certain requirements set forth in the EEOC regulations (such as being verified under oath or penalty of perjury), and (2) when the plaintiff clearly intended the EEOC to investigate the allegations in the Intake Questionnaire". 2008 U.S. Dist. LEXIS 37997 * 6 (D. Utah May 9, 2008.) Mr. Hankishiyev has not established that Exhibit P/S-1 is part of his questionnaire and he has not argued that it was verified under oath or intended to be the basis of the EEOC's investigation. Thus, the court concludes that Plaintiff has not met his burden to establish the limited exceptions apply. *Id.* at *6.

Plaintiff's failure to present his age claim to the EEOC denied Defendants of any notice of the alleged age discrimination violation and denied the EEOC an opportunity to conciliate the claim. Mr. Hankishiyev has not exhausted his administrative remedies and as a result the court recommends dismissal of his claim for age discrimination.

**2. Failure To Establish Pretext**

In the alternative, assuming Plaintiff exhausted his administrative remedies, Mr. Hankishiyev has not established pretext and therefore his age discrimination claim fails as a matter of law.

Discrimination claims brought pursuant to the ADEA [Age Discrimination in Employment Act] are analyzed under the *McDonnell Douglas* burden-shifting framework. *See Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1195 (10th Cir. 2008) (*citing McDonnell*

---

unclear as to the relevance or significance of the document to the current issue. (ECF No. 108, at

*Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668) (1973). Under

the burden shifting scheme, a Plaintiff must first establish a prima facie case of discrimination.

*Id.* Once a prima facie case is established, the burden then shifts to the Defendant to articulate a

legitimate, non-discriminatory reason for the adverse employment action. *Id.* Once the Defendant

has done so, the burden shifts back to the Plaintiff to demonstrate that the employer's proffered

reason for the adverse action is pretextual. *Id.* At such point, it is the Plaintiff who "'carries the

full burden of persuasion to show that the defendant discriminated on [an] illegal basis . . . .'"

*Swackhammer v. Sprint/United Mgmt. Co.,* 493 F.3d 1160, 1167 (10th Cir. 2007) (*citing Bryant v.

Famers Ins. Exch.,* 432 F.3d 1114, 1124 (10th Cir. 2005).

　　　Here, even if Mr. Hankishiyev could establish a prima facie case of age discrimination,

Plaintiff has not set forth any facts to show a genuine dispute as to pretext. It remains undisputed

that ARUP terminated Plaintiff's employment based upon his "negative attitude toward the

department, management, and ARUP in general." (ECF No. 89, SOF ¶24; ECF No. 89-3; ECF

No. 89-5.) Once Defendants establish a legitimate, business reason for Mr. Hankishiyev's

termination, the burden shifts back to Plaintiff to establish pretext. Mr. Hankishiyev argues "[a]ll

pretexts are bases [sic] on fabrications and falsifications," but does not present any evidence to

controvert Defendants' testimony, establish pretext or show a genuine dispute of material fact

(ECF No. 91, at 6.) Further, although Mr. Hankishiyev may argue the Defendants are incorrect

and that he did not display a "negative attitude," his subjective belief is insufficient to establish

5; Exhibit F-2.)

pretext or dispute Defendants' statement of facts. *Riggs v. AirTran Airways, Inc.,* 497 F.3d 1108, 1119 (10th Cir. 2007) (*citing Piercy v. Maketa*, 480 F.3d 1192, 1200 (10th Cir. 2007) (courts "consider the facts as they appeared to the person making the decision, and [they] do not second-guess the employer's decision even if it seems in hindsight that the action taken constituted poor business judgment.").

Because Mr. Hankishiyev does not set forth any facts to establish pretext in response to the legitimate business reasons ARUP offers for terminating his employment, Plaintiff's age discrimination claim cannot survive summary judgment.

**Retaliation Claim**

As to his retaliation claim, Mr. Hankishiyev's fails to establish a protected activity, causal connection or pretext and therefore his claim must be denied as a matter of law.

In order to establish a prima facie case of retaliation "a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006) (*citing Burlington N. & Santa Fe Ty. Co. v. White,--U.S.--*, 548 U.S 53, 126 S. Ct. 2405, 2414-15, 165 L. Ed. 2d 345) (2006). Retaliation claims are also analyzed under the burden-shifting framework as outlined in connection with Plaintiff's age discrimination claim. *See Stover v. Martinez,* 382 F.3d 1064, 1071 (10th Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *supra* 13-14.

First, opposition to an employer's conduct is only considered protected activity "if it opposes a practice made unlawful by [civil rights legislation]." *McElroy v. Am. Family Ins.,* 630 F. App'x. 847, 851 (10th Cir. 2015); *Hinds v. Sprint/United Mgmt. Co.,* 523 F.3d 1187, 1203 (10th Cir. 2008) ("Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful under the ADEA."). In turn, in order for conduct to be protected, the employer must have perceived that the conduct furthered protected rights. *See Peterson v. Utah Dep't of Corr.,* 301 F.3d 1182, 1188 (10th Cir. 2002) (holding "[a]n employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of [civil rights statutes]."). Here, Mr. Hankishiyev's complaints regarding ARUP's hiring practices do not constitute protected activity. Plaintiff's "protected activity" appears to be the assertion, in his Medical Lab Technician (MLT) application, that ARUP favored "school students/drop outs" over those with Medical Lab Technician (MLT) degrees. (ECF No. 89, SOF ¶¶ 11-12; ECF No. 1-1, at 26; ECF No. 89-7; ECF No. 89-9, ¶5.)[7] Federal law, however, does not protect individuals based upon their level of education, and Mr. Hankishiyev's opposition to ARUP's alleged hiring practices, based on an applicant's education level, does not constitute protected activity.[8]

_____

[7] Mr. Hankishiyev submitted an application to ARUP to obtain a Medical Lab Technician Degree (MLT) despite already having an MLT Degree. (ECF No. 9, ¶ 9.)

[8] In his opposition, Plaintiff asserts he was subject to age discrimination and implies that he complained about discrimination to the Defendants.(ECF No. 91, at 11.) Mr. Hankishiyev does not provide or cite to any evidence to support either of his assertions.

Likewise, there is no indication that Defendants understood Mr. Hankishiyev's criticisms related to the MLT Degree Program sufficient for his opposition to be premised on any protectable grounds. (*Id.*, SOF ¶ 13; ECF No. 89-3, ¶8, ¶15); *Peterson,* 301 F.3d at 1188 (10th Cir. 2002) ("It is crucial, however, whether [the plaintiff's] superiors knew that she was engaging in protected opposition."). Here, the decisionmaker with regard to Plaintiff's discharge understood Mr. Hankishiyev's opposition to the MLT Degree Program stemmed from a belief that ARUP "discriminated" against people based upon their level of education, not that it constituted unlawful discrimination (*Id.*, SOF ¶13; ECF No. 89-3, ¶10; ECF No. 89-9, ¶8), and Mr. Hankishiyev provides no evidence to the contrary. *See Peterson*, 301 F.3d at 1188 (10th Cir. 2002); *see also Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009) (granting summary judgment in favor of employer where plaintiff did not show "that the individual who took adverse action against him knew of his protected opposition.").

Next, even assuming that Mr. Hankishiyev's complaint regarding the MLT Degree Program did in fact constitute "protected activity", Plaintiff has not established the requisite causal connection between the protected activity and his termination. In general, "[a] retaliatory motive may be inferred when an adverse action closely follows protected activity." *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1179 (10th Cir. 1999). In order for the inference to apply, the termination must be "*very closely* connected in time to the protected activity, [and] the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Id.* at 1179 (emphasis in original). In the Tenth Circuit courts have held that "a three-month period, standing

alone, is insufficient to establish causation." *Anderson* 181 F.3d at 1179 (*citing Richmond v. ONEOK, Inc.,* 120 F.3d 205, 209) (10th Cir. 1997). In this case, there is nothing in the record to establish that Mr. Hankishiyev's alleged protected activity was causally connected to his discharge and, even if there was, the approximately sixth month period between the June 6, 2012 submission of his application and his December 4, 2012 termination is, standing alone, too long to establish causation. (ECF No. 89, SOF ¶9; ECF No. 1-1 at 26; ECF No.89-5, ¶13; ECF No. 89-3, ¶14.)

Finally, as discussed above in connection with Plaintiff's claim for age discrimination, Mr. Hankishiyev fails to show pretext with respect to ARUP's legitimate business reasons for his termination. *See supra,* at 13-14. For these reasons, Mr. Hankishiyev is unable to establish a prima facie claim of retaliation and his cause of action should be denied.

## C. Plaintiff's Claims Against Individual Defendants Fail As A Matter Of Law.

Plaintiff's claims against individual defendants Tom Topik, David Rogers and Bea Layton (Individual Defendants) also fail as a matter of law because there is no individual liability under the ADEA. The Tenth Circuit specifically concluded that "'personal capacity suits against individuals,' which include 'individual supervisor liability,' are precluded under the ADEA, ADA, and Title VII." *Davidson v. Dollar Tree Stores, Inc.,* 2011 U.S. Dist. LEXIS 35630 (D. Utah June 7, 2011) (*quoting Butler v. City of Prairie Vill., Kan.,* 172 F.3d 736, 744) (10th Cir. 1999); *see also Wight v. Downing,* 2009 U.S. Dist. LEXIS 33070 (D. Utah April 17, 2009)

(holding that individual capacity cases are "not appropriate under the ADEA" and that individual defendants "have no individual liability under the ADEA.").

### D.  Plaintiff's Other Non-Specific Claims Fail As A Matter Of Law.

Throughout this case, Plaintiff makes scattered allegations about Defendants' "bad" and "improper" conduct. However, other than his discrimination and retaliation claims, Plaintiff's non-specific allegations cannot be reasonably construed as viable causes of action. Federal Rule of Civil Procedure 8 (a)(2) requires a Plaintiff to give Defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation and alterations omitted). Mr. Hankishiyev has not done so here, and to the extent he attempts to raise causes of action against Defendants that are not contained in the complaint, those claims are barred pursuant to federal rule 8.

## II.  Plaintiff's Motion For Judgment On The Pleadings

As discussed above, although captioned as a motion for judgment on the pleadings, Mr. Hankishiyev attaches exhibits to his motion and appears to seek a ruling on the evidence, as opposed to a judgment based upon the legal sufficiency of Plaintiff's claims. (ECF No. 90.) As such, Plaintiff's motion for judgment on the pleadings is more properly considered as a cross motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Regardless of styling, Mr. Hankishiyev filed his motion, seeking a dispositive ruling on Plaintiff's claims, on February 6, 2017. Prior to doing so, Plaintiff did not seek an extension of the parties' scheduling deadlines under which the dispositive motion cut-off date is set as February 3, 3017. (ECF No. 74.) Consequently, Mr.

Hankishiyev's motion is untimely, and may be dismissed on that basis alone. *See Meacham v. Church*, 2011 U.S. Dist. LEXIS 3601 at *4 (D. Utah Jan 13, 2011) ("Although Plaintiff is proceeding pro se, that does not excuse him from complying with the basic requirements of procedural rules, including scheduling deadlines.").

Setting aside the issue of timeliness, Mr. Hankishiyev's motion also fails on its merits. *See supra*, at 10-18. As discussed in detail above, Plaintiff has not exhausted his administrative remedies with respect to his age discrimination claim. Furthermore, to the extent Defendant somehow asserts claims that rest on his efforts to move between positions at ARUP Laboratories those claims are time barred. (ECF No. 90 at 3.)

Under the ADEA, "no civil action may be commenced in federal court unless the would-be plaintiff first files a grievance with the appropriate administrative agency--- and does so 'within 300 days after the alleged unlawful practice occurred' where (as here) a state administrative agency process exists to remedy the alleged discrimination." *Almond v. Unified Sch. Dist. No. 501*, 655 F.3d 1174, 1176 (10th Cir. 2011) (internal quotation marks omitted) (*quoting* 29 U.S.C. §626(d)(1)(B); *see also Davidson v. Am. Online, Inc.,* 337 F.3d 1179, 1183 n. 1 (10th Cir. 2003) (recognizing that Utah is subject to the 300 –day rule.). "Compliance with this administrative exhaustion requirement and its concomitant limitations period is a condition precedent to bringing suit." *Almond,* 665 F.3d at 1176 (10th Cir. 2011); *see also Lister v. City of Wichita,* 666 Fed. Appx. 709, 713 (10th Cir. 2016) ("[f]ailure to comply with [the 300-day-timely filing requirement bars an employee from filing a claim in district court.").

Mr. Hankishiyev's most recent job application is dated June 13, 2011 (ECF No. 90, at 19; Exhibit P-112.) and  he filed his Charge with the EEOC on February 19, 2013—after expiration of the 300 day limitations period. (ECF No. 99-1.) As a result, even if Mr. Hankishiyev had included an allegation of age discrimination in his EEOC Charge, which he did not (*see supra,* at 11-12 ), reliance upon his unsuccessful job applications and inability to move positions would be time barred. *See Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (failure to promote is a discrete action subject to the 300-day statute of limitations.).

**III.    Plaintiff's Motion To Compel Defendants To Deposit Money**

On December 2, 2016, the Court ordered Mr. Hankishiyev to pay Defendants' attorney fees in the amount of $4,215.89 as a sanction for Plaintiff's failure to meaningfully participate in his August 16, 2016 deposition. (ECF No. 75.) On December 28, 2016, as a further sanction for Mr. Hankishiyev's continued failure to participate, the court ordered Plaintiff to pay an additional $4,507.20 for attorney fees related to his third deposition. (ECF No. 80.)

On January 23, 2017, Mr. Hankishiyev mailed a check to Defendants in the amount of $4,216.00 (ECF No. 92, ECF No. 94-1.) Upon receipt of the check Defendants offered to waive their right to collect the full amount of $8,723.09 if Plaintiff agreed to release any and all claims against Defendants and to dismiss his lawsuit. (ECF No. 94-1.) On February 13, 2017, Plaintiff filed his pending motion requesting the court compel Defendants to deposit his check in order to "avoid Defendants' next provocations". (ECF No. 92.)

As an initial matter, Mr. Hankishiyev fails to state grounds for seeking the requested order or support his motion with any legal argument or equitable ground for relief. *See* Fed. R. Civ. P. 7(b)(1)(B). Moreover, Defendants indicate that given Mr. Hankishiyev's motion, which they regard as an implicit rejection of their offer, they "expect that the check will be deposited soon." (ECF No. 94.)

Accordingly, Mr. Hankishiyev's motion to compel is hereby denied as moot.

## RECOMMENDATION

For the reasons stated above, the court hereby RECOMMENDS as follows to the District Court:

1. Defendants' Motion For Summary Judgment is GRANTED (ECF No. 89);

2. Plaintiff's Motion For Judgment On The Pleadings is DENIED (ECF No. 90); and

3. Plaintiff's Motion To Compel Defendants To Deposit Money is DENIED as MOOT (ECF No. 92).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

SO ORDERED this 16th day of August, 2017.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge