IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAFAEL G. HANKISHIYEV,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ARUP LABORATORIES, TOM TOPIK, DAVID RODGERS, and BEA LAYTON,<br><br>　　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART**<br><br>Case No. 2:15-cv-00651-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

　　　　Before the court is Magistrate Judge Dustin B. Pead's Report and Recommendation. (ECF No. 115). On September 10, 2015, Plaintiff Rafael G. Hankishiyev filed a complaint alleging age discrimination and retaliation against Defendants ARUP Laboratories, Tom Topik, David Rodgers, and Bea Layton. (ECF No. 1). The Court referred this matter to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2).

　　　　On February 3, 2017, Defendants moved for summary judgment. (ECF No. 89). In response, Plaintiff, who proceeds *pro se*, opposed the motion (ECF No. 91) and filed motions for judgment on the pleadings (ECF No. 90) and to compel Defendants to deposit checks from Plaintiff (ECF No. 92). Judge Pead treated Plaintiff's filings as a cross motion for summary judgment.

　　　　Judge Pead filed his Report and Recommendation on August 16, 2017. At the outset, Judge Pead recommends dismissal of Plaintiff's claims because Plaintiff repeatedly failed to answer questions and meaningfully participate in the discovery process. In the alternative, Judge Pead recommends dismissing Plaintiff's age discrimination claim for lack of subject-matter

jurisdiction and granting summary judgment in favor of Defendants on the remaining claims. Plaintiff filed an objection to the Report and Recommendation on August 25, 2017, and Defendants filed a response one week later.

## AGE DISCRIMINATION CLAIM

This Court has an independent obligation to address its subject-matter jurisdiction and can dismiss actions *sua sponte* for lack of subject-matter jurisdiction. *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

The Age Discrimination Employment act ("ADEA") provides that "no civil action may be commenced" in federal court unless the would-be plaintiff first files a grievance with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d)(1)(B). And that grievance must be filed "within 300 days after the alleged unlawful practice occurred" where a state administrative agency process exists to remedy the alleged discrimination, as is the case here. *Id.* Compliance with the administrative exhaustion requirement and its accompanying limitations period is mandatory. *Almond v. Unified School Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167-68 (10th Cir. 2007). Federal courts "do not have subject-matter jurisdiction to review . . . ADEA claims not exhausted administratively." *Smith v. Potter*, 252 F. App'x 224, 227 (10th Cir. 2007).

Because would-be ADEA plaintiffs must first exhaust administrative remedies, their claims in federal court are "generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). Consequently, "the facts alleged in the charge must be sufficiently related to the claim such that those facts would

2

prompt any investigation of the claim." *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000).

As Judge Pead explains in the Report and Recommendation, Plaintiff failed to exhaust his administrative remedies as to his age discrimination claim. Consequently, the Court lacks subject-matter jurisdiction and must dismiss the claim. Lacking jurisdiction, the Court therefore declines to adopt the Report and Recommendation to the extent that it recommends disposal of the age discrimination claim on summary judgment or by dismissal for violations of court orders.

## RETALIATION CLAIM

To establish a *prima facie* case of retaliation, "a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006). Once a plaintiff makes out a *prima facie* case of retaliation, the analysis proceeds under the familiar *McDonnell Douglas* burden-shifting framework. *See Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).

As Judge Pead explains in the Report and Recommendation, Plaintiff has failed to demonstrate that he engaged in protected opposition to discrimination. Even if he had, he has not established a causal connection between the protected activity and a materially adverse action. Consequently, Plaintiff has failed to make out a *prima facie* case for retaliation, and thus Plaintiff's retaliation claim fails as a matter of law.

## OTHER CLAIMS

As Judge Pead notes, Plaintiff made repeated allegations regarding Defendants' conduct. However, Plaintiff has not construed these allegations as claims sufficient to give "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Consequently, these claims are barred pursuant to Rule 8.

## SANCTIONS

Judge Pead recommends as an alternative that the Court dismiss all Plaintiff's claims as a sanction pursuant to Rule 37. ECF No. 115 at 6. The Court notes that if it had jurisdiction to hear Plaintiff's Age Discrimination claim, and if it did not dismiss Plaintiff's remaining claims on other grounds, the Court would adopt Judge Pead's recommendation that the Court dismiss Plaintiff's claims in their entirety as sanction for Plaintiff's repeated violations of court orders. While dismissal is an extreme sanction, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), Plaintiff has thrice contravened the Court's discovery orders. *See* ECF No. 115 at 6. Consequently, as an alternative, the Court would dismiss Plaintiff's claims as an appropriate sanction. *See* FED. R. CIV. P. 37(b)(2)(A)(v).

## ORDER

Based on the court's *de novo* review of the record, the relevant legal authorities, Judge Pead's Report and Recommendation, and Plaintiff's Objection, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 115) is **ADOPTED IN PART**.
2. Plaintiff's Age Discrimination Claim is **DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**.
3. Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's remaining claims.

4. Plaintiff's Motion for Judgment on the Pleadings (considered as a Cross Motion for Summary Judgment) is **DENIED.**

5. Plaintiff's Motion to Compel Defendants to Deposit Money is **DENIED AS MOOT.**

6. The Clerk of Court is directed to close the case.

SO ORDERED September 7, 2017.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge